**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ANN MARIE DEMELIA,

Plaintiff,

v. Case No. 6:25-cv-920-JRK

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

---

## OPINION AND ORDER[1]

## I. Status

Ann Marie Demelia ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is the result of headaches and mental health issues including post-traumatic stress disorder, anxiety, and depression. Transcript of Administrative Proceedings (Doc. No. 9; "Tr." or "administrative transcript"), filed July 25, 2025, at 127, 137, 322. Plaintiff protectively filed an application for DIB on February 11, 2021,

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Order Regarding Consent to Magistrate Judge Jurisdiction in Social Security Appeals (Doc. No. 117), Case No. 3:21-mc-1-TJC (outlining procedures for consent and Defendant's generalized consent to Magistrate Judge jurisdiction in social security appeals cases); consent by Plaintiff indicated in docket language for Complaint (Doc. No. 1).

alleging a disability onset date of June 29, 2015.[2] Tr. at 262-66. Later, Plaintiff amended the alleged disability onset date to August 27, 2020. Tr. at 36, 288. The application was denied initially, Tr. at 126, 127-36, 145-48, and upon reconsideration, Tr. at 137-42, 143, 151-54.

On March 21, 2023, an Administrative Law Judge ("ALJ") held a hearing ("2023 hearing"),[3] during which he took testimony from Plaintiff, who was represented by counsel; John Lipan, Plaintiff's partner; and a vocational expert ("VE"). See Tr. at 30-72. On April 24, 2023, the ALJ issued a decision ("2023 decision") finding Plaintiff not disabled through December 31, 2020, the date Plaintiff was last insured for DIB (the "DLI"). See Tr. at 11-23.[4]

Thereafter, Plaintiff sought review of the decision by the Appeals Council and submitted a brief authored by her lawyer. See Tr. at 5-6 (Appeals Council exhibit list and order), 261 (request for review), 258-60 (brief and cover page). On August 31, 2023, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's decision the final decision of the Commissioner.

---

[2] The DIB application summary indicates it was completed on February 18, 2021. Tr. at 262. The protective filing date for the DIB application is listed elsewhere in the administrative transcript as February 11, 2021. See, e.g., Tr. at 127, 137.

[3] The 2023 hearing was held via telephone with Plaintiff's consent. See Tr. at 32-33, 201.

[4] The administrative transcript also contains an ALJ decision dated July 2, 2019 adjudicating a prior claim for DIB. Tr. at 112-21. That decision is not at issue here.

Plaintiff appealed to this Court by filing a Complaint on October 11, 2023. Tr. at 926-29. On February 23, 2024, on Defendant's unopposed motion, the Court entered an Order reversing and remanding the matter for further proceedings. Tr. at 930-31; see Tr. at 932 (Judgment).

The Appeals Council on June 13, 2024 remanded the matter to an ALJ consistent with the Court's Order. Tr. at 938-39. The ALJ held a hearing on December 5, 2024 ("2024 hearing"), in which he took testimony from Plaintiff (still represented by counsel) and a VE. Tr. at 887-925. The VE also completed interrogatories following the hearing. Tr. at 1075-77. The ALJ issued a Decision on March 26, 2025, finding Plaintiff was not disabled through the DLI. Tr. at 865-78. The Appeals Council declined to assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On May 27, 2025, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "failed to sustain his burden of proof at step five of the sequential evaluation process." Plaintiff's Brief (Doc. No. 11; "Pl.'s Br."), filed August 25, 2025, at 5 (emphasis omitted); see id. at 5-12. On December 9, 2025, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.") addressing Plaintiff's argument. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's

final decision is due to be reversed and remanded for reconsideration of the step five findings.

## II. The ALJ's Decision

When determining whether an individual is disabled,[5] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 868-77. At step one, the ALJ determined that Plaintiff "did not engage in [substantial gainful

[5] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

activity] during the period from her amended alleged onset date of August 27, 2020, through her [DLI] of December 31, 2020." Tr. at 868 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff through the DLI "had the following severe impairments: Migraine Headaches; Anxiety; Depression; and Post-Traumatic Stress Disorder." Tr. at 868 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff through the DLI "did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 868 (emphasis and citation omitted).

The ALJ determined that Plaintiff had the following residual functional capacity ("RFC") through the DLI:

> [Plaintiff could] perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] could not have climbed ladders, ropes, or scaffolds; could have occasionally worked around extreme heat, vibration, dust, odors, fumes, pulmonary irritants, unprotected heights, and moving mechanical parts; could have tolerated up to a moderate noise level (e.g., a typical office setting); could have understood, remembered, and carried out simple instructions; used judgment to make simple, work-related limitations; adapted to occasional changes in a routine work setting; maintained concentration for two-hour increments; and have had frequent, but not constant interactions with supervisors, coworkers, and the general public.

Tr. at 870 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "has no past relevant work." Tr. at 875 (emphasis omitted). The ALJ

then proceeded to the fifth and final step of the sequential inquiry. Tr. at 876-77. After considering Plaintiff's age ("61 years old . . . on the [DLI]"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ relied on the VE's testimony and found Plaintiff through the DLI could have performed "jobs that existed in significant numbers in the national economy," Tr. at 876 (emphasis and citations omitted), such as "Sweeper-Cleaner, industrial," "Floor Waxer," and "Wall Cleaner," Tr. at 876. The ALJ concluded Plaintiff "was not under a disability . . . from June 29, 2015,[[6]] the alleged onset date, through December 31, 2020, the [DLI]." Tr. at 19 (emphasis and citation omitted).

## <u>III. Standard of Review</u>

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" <u>Doughty v. Apfel</u>, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing <u>Falge v. Apfel</u>, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" <u>Dyer v. Barnhart</u>, 395 F.3d 1206, 1210 (11th Cir. 2005)

[6] The reference to this date is erroneous, as Plaintiff had amended her alleged onset disability date to August 27, 2020, a fact that the ALJ had earlier recognized in the Decision. <u>See</u> Tr. at 868.

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff contends the ALJ erred at step five of the sequential evaluation process by "rel[ying] on the same exact jobs and same exact job numbers" as he had in the 2023 decision that was later reversed and remanded by this Court. Pl.'s Br. at 11. Essentially, Plaintiff contends the ALJ failed to follow the remand instructions, see id. at 5-12, which are explained in detail below. Expanding, Plaintiff points out that the VE testified one of the ALJ's cited jobs at step five—sweeper-cleaner—"did not fit the hypothetical question" because

it "required exposure to loud noise levels." Id. at 11. As for the other two jobs, Plaintiff contends the ALJ cited erroneous numbers for the jobs that the 2024 hearing VE never testified to. Id. at 12. Instead, the 2023 hearing VE testified to those numbers, and of course, the Court later reversed and remanded the 2023 decision upon which they were based. Id. Moreover, argues Plaintiff, the 2023 VE admitted "that she got her job numbers directly from Job Browser Pro," which evidently Plaintiff contends was inappropriate. Id. (citation omitted).

Responding, Defendant asserts "[t]he ALJ reasonably found that Plaintiff could do other work existing in significant numbers in the national economy." Def.'s Mem. at 5 (emphasis omitted). Characterizing the ALJ's findings at step five as scrivener's errors, Defendant contends the ALJ substantially complied with the remand instructions. Id. at 5-8. Finally, Defendant argues the VE's use of Job Browser Pro was an acceptable method for assessing job numbers. Id. at 8-12.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform." Phillips, 357 F.3d at 1239. To make the step five determination, the ALJ may pose a hypothetical question to a VE. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d

1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")).

"In order for a [VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones, 190 F.3d at 1229). If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington, 906 F.3d at 1365; see also SSR 00-4P, 2000 WL 1898704, at *2. The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).

Here, this Court in reversing and remanding the 2023 decision, directed the following:

> In accordance with HALLEX I-2-6-74, the ALJ will consider the representative's objection to the [VE] testimony and will obtain supplemental evidence from a [VE] to clarify the effect of the assessed limitations on Plaintiff's occupational base. The hypothetical questions should reflect the specific capacity/ limitations established by the record as a whole. The

> ALJ will ask the [VE] to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy. Further, before relying on the [VE] evidence, the ALJ will identify and resolve any conflicts between the occupational evidence provided by the [VE] and information in the Dictionary of Occupational Titles and its companion publication, the Selected Characteristics of Occupations. The ALJ will take any further action needed to complete the administrative record and issue a new decision.

Tr. at 930-31. Then, on remand, the Appeals Council stated that ALJ in the 2023 decision:

> did not properly address the representative's objection to the [VE]'s source for job numbers. While the [ALJ] noted the objection on the record at the hearing, the [ALJ] did not address it at the hearing, in the decision, or in a separate document. Consideration of the representative's objection is necessary.

Tr. at 938-39. The ALJ on remand was ordered to:

> Consider the representative's objection to the [VE] testimony and obtain supplemental evidence from a [VE] to clarify the effect of the assessed limitations on [Plaintiff's] occupational base (Social Security Ruling 85 -15 and HALLEX I-2-6-74). The hypothetical questions should reflect the specific capacity/ limitations established by the record as a whole. The [ALJ] will ask the [VE] to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566). Further, before relying on the [VE] evidence the [ALJ] will identify and resolve any conflicts between the occupational evidence provided by the [VE] and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Tr. at 939.

Prior to the remand, during the 2023 hearing, upon being presented with a hypothetical question containing Plaintiff's abilities, the VE testified Plaintiff could perform the jobs of "sweeper, cleaner, industrial," DOT number 389.683-010, with 16,484 positions; "waxer," DOT number 381.687-034, with 110,782 positions, and "cleaner, wall," DOT number 381.687-026, with 110,444 positions. Tr. at 63-64. After the remand, during the 2024 hearing, the ALJ posed to the VE the same hypothetical that had been posed to the VE in the 2023 hearing. Compare Tr. at 910-11, with Tr. at 62-63. The VE during the 2024 hearing initially testified Plaintiff could still perform the job of "sweeper cleaner, industrial," DOT number 389.683-010, but then evidently retracted that testimony because it was "loud," Tr. at 912, meaning it would not fit in the hypothetical requiring only moderate noise level. Moreover, the previously-cited position of "waxer" contained 118,778 positions, but was reduced by the VE to just more than 100,000 positions when accounting for a percentage reduction for noise issues. Tr. at 912-13. The third job, "cleaner, wall," contained 118,000 positions and no noise issues. Tr. at 914. A fourth position was offered, "hand packager," which would have approximately 15,000 to 16,000 positions available after a noise reduction. Tr. at 914-15.

Inexplicably, the ALJ in the written Decision relied on the VE's testimony during the 2023 hearing, not the 2024 hearing. See Tr. at 876. All three

positions and exact corresponding numbers of jobs testified to by the VE in the 2023 hearing were cited by the ALJ in the Decision in making the step five findings. Tr. at 876. This, despite the VE in the 2024 hearing eliminating one of these jobs entirely, reducing another one of them because of noise issues, and adding a fourth.

Characterizing the ALJ's findings as scrivener's errors, Defendant urges the Court to accept the ALJ's step five explanation and determine the Decision on the whole is supported by substantial evidence. Def.'s Mem. at 7-8. Defendant also contends that the VE's 2024 hearing testimony supports the Decision overall. Id. But, the ALJ was on notice that the step five findings were specifically at issue on remand—the failure to rely on the actual testimony of the 2024 hearing VE amounted to a failure to meaningfully follow the remand instructions of both this Court and the Appeals Council. And, the VE's 2024 hearing testimony does not cure the ALJ's errors because all of the ALJ's step five job findings rely on the old 2023 VE testimony that was found problematic by this Court in the first instance. On this record, the ALJ's step five findings cannot be upheld. The matter must be reversed and remanded for further consideration at step five of the sequential evaluation process. In light of this ruling, the Court need not resolve Plaintiff's ancillary argument about the ALJ's resolution of the objection regarding the source of the job data. The objection can be addressed further, if necessary, on remand.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A) Reconsider the step-five findings consistent with the foregoing;

(B) If necessary, address the other argument in this appeal; and

(C) Take such other action as may be necessary to resolve this claim properly.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 15, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record